*381 OPINION.
Lora:
In this proceeding no question is raised by either party Avith reference to the jurisdiction of the Board.
However, it is apparent from the record that the taxpayer, the estate of John R. Hanify, did not appeal from the deficiency asserted by the Commissioner, notice of which was mailed to John L. Reed as administrator of said estate. It is true that John L. Reed’s name is signed to the petition presented to the Board, but only as an individual, and not officially as administrator. Had he signed officially, although he had been discharged by the probate court, the case might have been brought within the provisions of section 317 (a) (b) (c) (d) of the Revenue Act of 1926.
In view of the situation disclosed by the record in this case, and on authority of First Bond & Mortgage Co., 21 B. T. A. 1, and cases therein cited, it must be and is held that the Board has no jurisdiction in this proceeding, and the case is dismissed for lack of jurisdiction.